■ Kerry Wilson, Plaintiff, v Belnord Realty Associates, L. P., et al., Respondents. Heller Electric Company, Third-Party Plaintiff-Respondent, v Dynasty Electric, Inc., Third-Party Defendant-Appellant. [727 NYS2d 392] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about October 23, 2000, which, in an action for personal injuries by a laborer against a construction site owner and electrical contractor (Heller), and a third-party action by Heller

against its alleged joint venturer and plaintiff's employer (Dynasty), insofar as appealed from, granted the owner's motion for summary judgment on its cross claim against Dynasty for indemnification, unanimously affirmed, with costs.

In a prior, unappealed order, the motion court dismissed the complaint against Heller based on its claim, acknowledged by Dynasty, that Heller and Dynasty were oral joint venturers with respect to the electrical work they were performing on the site, and that plaintiff, who was Dynasty's actual employee, was therefore Heller's employee as well for purposes of this particular job. By the same reasoning, if Heller is contractually obligated to indemnify the owner for plaintiff's injuries, then Dynasty, as Heller's joint venturer, should be obligated as well (Partnership Law § 26 [a] [2]). Even if the position it took on the prior motion does not stop it from denying the joint venture on the present motion, Dynasty's obligation to share in the venture's losses and liabilities as well as its profits and management must be implied from that position and the parties' agreement. Concur—Sullivan, P. J., Nardelli, Williams, Mazzarelli and Saxe, JJ.